EUGENE LIDMAN ET AL. *v.* LINDA NUGENT
(AC 18996)

Spear, Mihalakos and O'Connell, Js.

Submitted May 11—officially released July 25, 2000

*John J. Sheedy*, for the appellant (defendant).

*Albert R. Annunziata*, with whom, on the brief, was *Giancarlo Rossi*, for the appellees (plaintiffs).

*Opinion*

O'CONNELL, J. This case comes here on remand from our Supreme Court, *Lidman* v. *Nugent*, 252 Conn. 933, 746 A.2d 788 (2000), ordering us to reconsider our decision in *Lidman* v. *Nugent*, 55 Conn. App. 905, 741 A.2d 13 (1999), in light of *Wichers* v. *Hatch*, 252 Conn. 174, 745 A.2d 789 (2000). The issue is whether the verdict should be set aside as inadequate as a matter of law when the jury returns a verdict awarding the plaintiffs economic damages but zero noneconomic damages. We reverse the judgment of the trial court.

The incident giving rise to this appeal occurred on December 23, 1994, on the Post Road in Milford, where the defendant was operating her automobile in bumper-to-bumper traffic. Her vehicle rolled into the rear of a vehicle operated by Cruz Diaz, causing the Diaz vehicle to roll forward and touch the rear bumper of a vehicle operated by the plaintiff Eugene Lidman. Lidman's wife, the plaintiff Eleanor Lidman, was a passenger in the vehicle at the time of the incident. There was no damage to the front of the defendant's vehicle or to the rear of the plaintiffs' vehicle. The only property that was

damaged was the front bumper of the Diaz vehicle, which damage totaled $535. No ambulance was called, and it was not necessary to tow any of the vehicles from the scene.

The plaintiffs brought this action against the defendant, Linda Nugent, claiming personal injuries. They did not bring an action against Diaz.[1] The jury awarded Eugene Lidman $4117.26 in economic damages but zero noneconomic damages,[2] and Eleanor Lidman $3304.24 in economic damages and zero noneconomic damages.[3]

The plaintiffs filed a motion to set aside the verdict as to damages only. The trial court, relying on *Johnson* v. *Franklin*, 112 Conn. 228, 152 A. 64 (1930), granted the motion and ordered a new trial, ruling that the verdict must be set aside because "the jury awarded substantial economic damages for the treatment of pain but nothing for the enduring of the pain or [the] physical injuries sustained . . . ."

The defendant appealed, and we summarily affirmed the judgment of the trial court. *Lidman* v. *Nugent*, supra, 55 Conn. App. 905. Our Supreme Court subsequently granted the defendant's petition for certification to appeal and remanded the case to us for reconsideration in light of its recent decision in *Wichers* v. *Hatch*, supra, 252 Conn. 174.

In *Wichers*, the Supreme Court concluded that the per se rule from *Johnson* was no longer useful or viable and therefore overruled *Johnson*. Id., 188. The Supreme Court held that "the jury's decision to award economic

---

[1] The defendant brought an apportionment complaint against Cruz Diaz and Egno Diaz, the owner of the vehicle, claiming that they may be liable for all or some of the plaintiffs' damages.

[2] The jury found that the apportionment defendant Cruz Diaz was 50 percent responsible for the accident. Accordingly, the verdict for Eugene Lidman was reduced to $2058.63 in economic damages.

[3] Eleanor Lidman's verdict was reduced to $1652.12. See footnote 1.

damages and zero noneconomic damages is best tested in light of the circumstances of the particular case before it." Id.

Accordingly, we now turn to a review of the jury verdict in the present case. The well accepted test that is applied to determine whether a verdict should be set aside is whether the award of damages falls somewhere within the necessarily uncertain limits of fair and reasonable compensation in the particular case, or whether the size of the verdict so shocks the sense of justice as to compel the conclusion that the jury was influenced by partiality, mistake or corruption. *Bartholomew* v. *Schweizer*, 217 Conn. 671, 687, 587 A.2d 1014 (1991).

The jury is "not obliged to believe that every injury causes pain or the pain alleged." (Internal quotation marks omitted.) *Vajda* v. *Tusla*, 214 Conn. 523, 538, 572 A.2d 998 (1990), quoting *Boggavarapu* v. *Ponist*, 518 Pa. 162, 167, 542 A.2d 516 (1988). In the present case, given the minimal nature of the incident and the alleged injuries, there can be no amount of monetary award that would be so extremely low as to shock the conscience. The jury was not compelled to accept the plaintiffs' claims as to the severity of their injuries, nor was it required to award noneconomic damages merely because it had awarded economic damages. "The trier [of fact] is free to accept or reject, in whole or in part, the evidence offered by either party." (Internal quotation marks omitted.) *Leo* v. *Leo*, 197 Conn. 1, 6, 495 A.2d 704 (1985). The weight to be accorded to testimony is a matter for the jury to determine; *Lemonious* v. *Burns*, 27 Conn. App. 734, 737, 609 A.2d 254, cert. denied, 223 Conn. 915, 614 A.2d 823 (1992); and the assessment of damages is peculiarly within its province. *Slabinski* v. *Dix*, 138 Conn. 625, 629, 88 A.2d 115 (1952). The jury reasonably could have concluded that the plaintiffs were not entitled to noneconomic damages.

Although the trial court acted in accordance with the state of the law at the time it rendered its decision setting aside the verdict, that decision is not consistent with the law as now set forth by the Supreme Court in *Wichers*. In view of the Supreme Court's remand to this court to reconsider our decision in light of *Wichers*, we must presume that the Supreme Court intended that we apply *Wichers* retroactively. See *Marone* v. *Waterbury*, 244 Conn. 1, 10, 707 A.2d 725 (1998).

The prior judgment of this court in this case is vacated; the judgment of the trial court is reversed and the case is remanded with direction to reinstate the verdict and to render judgment thereon.

In this opinion the other judges concurred.