### DANIEL K. COX *v.* ELIZABETH AIKEN ET AL.
### (AC 25102)

Lavery, C. J., and Schaller and Dranginis, Js.

---

Submitted on briefs September 16—officially released December 21, 2004

*Richard Blumenthal,* attorney general, and *Thomas P. Clifford III* and *William J. McCullough,* assistant attorneys general, filed a brief for the defendants (appellants).

*Opinion*

LAVERY, C. J. The plaintiff, Daniel K. Cox, commenced this action alleging that he had been laid off from his employment with the defendant department of social services (department) in violation of General

Statutes § 5-241.[1] The defendant Elizabeth Aiken, assistant director of human resources for the department, and the department, filed a motion to dismiss the action, claiming that the trial court lacked subject matter jurisdiction over the action. The court granted in part and denied in part the defendants' motion. The defendants then filed the present appeal, claiming that the court improperly denied their motion to dismiss on the basis of (1) sovereign immunity, and (2) the plaintiff's alleged failure to exhaust his administrative and contractual remedies. We affirm the trial court's ruling.

The following facts are relevant to the defendants' appeal. The pro se plaintiff filed a complaint alleging that in January, 2003, he received a letter from Aiken, notifying him that he was to be laid off from his position as a social services investigator with the department. According to the plaintiff, the notice specified that he was being laid off pursuant to the terms of the union contract that he had no "bumping"[2] options and that there was no person in the same job class with less state time than he had who was to be retained. The plaintiff alleged that his layoff violated § 5-241 and that neither his layoff notice nor the union contract conformed to § 5-241. According to the plaintiff, the union contract provides that layoffs are to be based on seniority. The contract, however, exempts union stewards from layoff, and the state statute contains no exemption

---

[1] General Statutes § 5-241 (a) provides in relevant part: "No employee in the classified service who has been performing his duties in a satisfactory manner as shown by the records of the department, agency or institution in which he has been employed shall be dismissed or laid off from his position because of lack of work, economy, insufficient appropriation, change in departmental organization, abolition of position or any cause other than disability, delinquency, incompetency, misconduct or neglect of duty, if any other employee in the same classification performing comparable duties with less state service is to be retained in the same department, agency or institution. . . ."

[2] According to the complaint, the union contract defines "bumping" as the ability to displace someone with less state time in the same job class.

for union stewards. The plaintiff alleged that he was laid off while a person with less time in the same position was not laid off. The plaintiff maintained that according to § 5-241, in the event of a layoff, he had the right to the following options: (1) transfer to the same job class, (2) transfer to a comparable job class or (3) transfer to a position for which he was qualified in any department, agency or institution. The plaintiff sought, inter alia, reinstatement to his position as a social services investigator with full back pay, seniority and benefits.

In response to the complaint, the defendants filed a motion to dismiss, in which they argued that the court lacked subject matter jurisdiction over the plaintiff's cause of action because (1) agents and officers of the state are immune from suit on the basis of sovereign immunity, and (2) the plaintiff failed to exhaust his available remedies at law. The court denied the motion to dismiss, except as it pertained to the plaintiff's claim for retroactive compensation.[3] Specifically, the court held that the plaintiff's claim for injunctive relief, premised on an allegation that the defendants had acted in excess of their statutory authority pursuant to § 5-241, was not barred by the doctrine of sovereign immunity. The court therefore denied the defendants' motion to dismiss with respect to the plaintiff's claims for injunctive relief. With regard to the defendants' exhaustion argument, the court held that the plaintiff was excused from exhausting his administrative remedies under the contract because his claim arose under § 5-241, not the collective bargaining agreement. The court further held that because the plaintiff was claiming that § 5-241 pro-

[3] The court held that the plaintiff's claim for retroactive compensation was a claim for money damages that could not be brought against the defendants without the permission of the claims commissioner. See *Miller* v. *Egan*, 265 Conn. 301, 321, 828 A.2d 549 (2003). Because the plaintiff had not alleged that he received permission to sue from the claims commissioner, the court dismissed the plaintiff's claim for retroactive compensation.

vided him with greater protection than the collective bargaining agreement, he was not required to exhaust his remedies under the collective bargaining agreement. The defendants appealed, arguing that the court improperly denied their motion to dismiss on the basis of sovereign immunity, and the plaintiff's failure to exhaust his administrative and contractual remedies.

I

The defendants first claim that the court improperly denied their motion to dismiss the plaintiff's claims for injunctive relief on the basis of sovereign immunity. The court found that the plaintiff's cause of action was founded on an alleged violation of § 5-241, that is, that agents of the department acted in excess of their statutory authority under the circumstances by which the plaintiff was laid off from his position in the department. The court concluded that the plaintiff was barred by the doctrine of sovereign immunity from asserting claims for money damages, but that the remainder of the relief he sought was essentially in the form of an injunction and that the doctrine of sovereign immunity did not bar such claims. The defendants claim that the court's decision is improper as a matter of law. We disagree with the defendants.[4]

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plain-

[1] In addressing the claim, we note that the subject matter jurisdiction of this court is limited to final judgments. See General Statutes § 52-263. "An aggrieved party may appeal from a final judgment, except as otherwise provided by law." Practice Book § 61-1. "The general rule is that the denial of a motion to dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal." *Shay* v. *Rossi*, 253 Conn. 134, 164, 749 A.2d 1147 (2000), overruled in part on other grounds, *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003). The denial of a motion to dismiss, on the basis of a colorable claim of sovereign immunity, however, constitutes an exception to the general rule of finality and is an immediately appealable final judgment pursuant to *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983). See *Shay* v. *Rossi*, supra, 164–67. The defendants' first claim therefore is amenable to our review.

tiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.) *Blumenthal* v. *Barnes*, 261 Conn. 434, 442, 804 A.2d 152 (2002). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss. . . . When a [trial] court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . A determination regarding a trial court's subject matter jurisdiction is a question of law. When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Citations omitted; internal quotation marks omitted.) *Lagassey* v. *State*, 268 Conn. 723, 736–37, 846 A.2d 831 (2004).

The defendants take no issue with the rule of law on which the court based its decision. "[I]n those cases in which it is alleged that the defendant officer is proceeding . . . in excess of his statutory authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . In such instances, the need to protect the government simply does not arise and the government cannot justifiably claim interference with its functions . . . ." (Internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 322, 828 A.2d 549 (2003). The defendants also do not take exception to the rule that a plaintiff

may assert a claim for injunctive relief if he can show that the state or one of its officers against whom such relief is sought acted in excess of statutory authority. Id., 321.

The defendants contend rather that the court improperly found that the allegations of the plaintiff's complaint were sufficiently egregious to overcome his burden of alleging that the defendants acted in excess of their statutory limits. Relying on *Shay* v. *Rossi*, 253 Conn. 134, 174–75, 749 A.2d 1147 (2000), overruled in part, *Miller* v. *Egan*, 265 Conn. 301, 325, 828 A.2d 549 (2003), they argue that "to overcome sovereign immunity, the plaintiffs must do more than allege that the defendants' conduct was in excess of their statutory authority; they also must allege or otherwise establish facts that reasonably support those allegations." According to the defendants, nowhere in the complaint is there an allegation of conduct "sufficiently egregious" to constitute conduct in excess of their statutory authority. In denying the motion to dismiss on that ground, the court noted that the question of whether an allegation that the state violated § 5-241 constitutes an act in excess of its statutory authority has not been addressed by the appellate courts of this state.

Our plenary review of the plaintiff's complaint reveals that he alleged that he received a letter notifying him that he was to be laid off, that his layoff became effective as of January 29, 2003, and that his layoff violated § 5-241. Furthermore, the plaintiff alleged that he was informed that his layoff was pursuant to the terms of the union contract, that layoffs were based on seniority, that he had no bumping option and that, pursuant to the contract, union stewards were exempt from layoffs. He also alleged that § 5-241 does not exempt union stewards from layoffs. Although the plaintiff's com-

plaint was not pleaded in an artful manner,[5] we agree with the court that the allegations fairly imply that the plaintiff was laid off and that a union steward who had less state service than the plaintiff was not laid off. Although we note "that these are simply allegations, which are subject to proof at trial"; id., 174; we conclude that those factual allegations, if proven, would be sufficient to establish that the defendants acted in excess of the authority vested in them by § 5-241. The court, therefore, properly denied the defendants' motion to dismiss on the basis of sovereign immunity.

## II

The defendants next argue that the court improperly denied their motion to dismiss on the basis of the plaintiff's alleged failure to exhaust his administrative and contractual remedies. Specifically, the defendants argue that the plaintiff failed to obtain permission to institute his action from the claims commissioner pursuant to General Statutes § 4-160.[6] The defendants further argue that the plaintiff failed to exhaust his contractual remedies pursuant to the collective bargaining agreement. We disagree with the defendants with regard to their claim that the plaintiff was required to obtain the permission of the claims com-

---

[5] "This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." (Citations omitted; internal quotation marks omitted.) *Lemoine* v. *McCann*, 40 Conn. App. 460, 468–69, 673 A.2d 115 (*Landau, J.*, dissenting), cert. denied, 237 Conn. 904, 674 A.2d 1330 (1996).

[6] General Statutes § 4-160 (a) provides: "When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable."

missioner[7] and decline to review the defendants' second claim.[8]

The defendants argue that the plaintiff's claims for injunctive relief were not properly before the court without the permission of the claims commissioner. In that regard, we note that "[s]overeign immunity rests on the principle and on the hazard that the subjection of the state and federal governments to private litigation might constitute a serious interference with the performance of their functions and with their control over their respective instrumentalities, funds and property. . . . In a constitutional democracy sovereign immunity must relax its bar when suits against the government complain of unconstitutional acts. . . . When a state official's acts are in excess of legal authority or consti-

---

[7] With regard to that claim, we note that "[t]he sole purpose of [General Statutes] § 4-160 . . . is to remove the bar of sovereign immunity when the claims commissioner determines that it would be 'just and equitable' to permit a claimant to seek redress against the state." *Chotkowski* v. *State*, 240 Conn. 246, 270, 690 A.2d 368 (1997). Because sovereign immunity is intrinsic to the claims commissioner's granting permission to bring an action against the state, the claim is before us properly for the reasons stated in footnote 4.

[8] We decline to review the defendants' claim that the plaintiff was required to exhaust his contractual remedies under the collective bargaining agreement, as it is not an appealable interlocutory ruling.

"The vast majority of interlocutory orders or rulings are not the proper subject of an appeal because they are not statutorily exempt from the final judgment rule and do not fit either of the prongs of the test set forth in *State* v. *Curcio*, 191 Conn. 27, 31, 463 A.2d 566 (1983)." *Sharon Motor Lodge, Inc.* v. *Tai*, 82 Conn. App. 148, 153, 842 A.2d 1140, cert. denied, 269 Conn. 908, 852 A.2d 738 (2004). "If an order or ruling (1) terminates a separate and distinct proceeding or (2) so concludes the rights of the parties that further proceedings cannot affect them, an appellant is entitled to file an immediate appeal from the ruling or order. *State* v. *Curcio*, supra, 31. . . . To succeed under the second prong of *Curcio*, the [defendants] must make at least a colorable claim that some recognized statutory or constitutional right is at risk." (Citations omitted; internal quotation marks omitted.) Id., 153–54. The defendants have not satisfied that standard with regard to their claim that the court improperly denied their motion to dismiss on the basis of the plaintiff's failure to exhaust his contractual remedies. The defendants' claim, therefore, is not properly before us at this time.

tute an erroneous exercise of that authority, the interest in the protection of the plaintiff's right to be free from the consequences of such action outweighs the interest served by the sovereign immunity doctrine. . . . Therefore, [t]he state is subject to suit without consent . . . in a suit for injunctive relief when the action does not defeat the purpose of the doctrine of sovereign immunity by undue interference with governmental functions." (Citations omitted; internal quotation marks omitted.) *Pamela B.* v. *Ment,* 244 Conn. 296, 328, 709 A.2d 1089 (1998). We conclude, as we did in part I, that the factual allegations of the plaintiff's complaint, if proven, would be sufficient to demonstrate that the defendants acted in excess of the authority vested in them by § 5-241. Accordingly, the plaintiff's claims for injunctive relief were before the court properly without the consent of the claims commissioner.

The denial of the defendants' motion to dismiss is affirmed.

In this opinion the other judges concurred.