## RYSZARD WASILEWSKI *v.* MICHAEL MACHUGA ET AL.
### (AC 26262)

Schaller, Dranginis and McLachlan, Js.

Submitted on briefs September 27—officially released November 22, 2005

*Ryszard Wasilewski*, pro se, the appellant (plaintiff), filed a brief.

*Kevin M. Bresnahan* filed a brief for the appellee (substitute defendant).

*Opinion*

PER CURIAM. This is an appeal from the judgment of the trial court rendered after the jury's verdict in favor of the plaintiff, Ryszard Wasilewski, for medical costs resulting from an automobile accident involving the plaintiff and the defendant Michael Machuga[1] on October 13, 2000. The plaintiff was awarded $604.04 in economic damages, but was not awarded any noneco-

---

[1] Prior to trial, Elizabeth Potts Berman, the administratrix of Machuga's estate, was substituted as a defendant. The plaintiff's complaint alleged that Machuga had been driving a vehicle owned by the defendant Michael Zommer and that Machuga was the agent, servant or employee of Zommer at the time of the collision.

nomic damages. On appeal, the plaintiff claims that the court improperly admitted into evidence a videotaped deposition of Jay Krompinger, a physician who had examined him. The plaintiff also claims that it was improper for him not to receive compensation for pain and suffering. The plaintiff, however, has briefed his claims inadequately and has provided this court with an inadequate record to review his claims. Therefore, we affirm the judgment of the trial court.

In reaching our decision, we are mindful that the plaintiff is representing himself on appeal. "This court has always been solicitous of the rights of pro se litigants and, like the trial court, will endeavor to see that such a litigant shall have the opportunity to have his case fully and fairly heard so far as such latitude is consistent with the just rights of any adverse party. . . . Although we will not entirely disregard our rules of practice, we do give great latitude to pro se litigants in order that justice may both be done and be seen to be done." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 86 Conn. App. 587, 594 n.5, 862 A.2d 319 (2004), cert. granted on other grounds, 273 Conn. 916, 871 A.2d 370 (2005). For justice to be done, however, any latitude given to pro se litigants cannot interfere with the rights of other parties, nor can we disregard completely our rules of practice. See *New Haven* v. *Bonner*, 272 Conn. 489, 497–98, 863 A.2d 680 (2005).

Prior to filing his brief, the plaintiff indicated that a transcript of the trial proceedings was unnecessary for the appeal. See Practice Book § 63-4 (a) (3). The plaintiff also failed to include in his brief or the appendix thereto any portions of the transcript he deemed material to the issues he raises on appeal. See Practice Book § 67-1. One of the plaintiff's claims, however, is that the court improperly admitted certain evidence at trial. Without a transcript of the relevant court proceedings, we have no way of knowing whether and on what grounds the

plaintiff's counsel objected to the introduction of the evidence, in what manner the evidence was used or whether the plaintiff suffered any unfair prejudice as a result of the evidence being admitted. It is the appellant's responsibility to provide an adequate record for review. See Practice Book § 61-10. Without an adequate record, this court is unable to review the merits of the plaintiff's claim that the court improperly admitted the videotaped deposition of Krompinger. See *1525 Highland Associates, LLC* v. *Fohl,* 62 Conn. App. 612, 624, 772 A.2d 1128, cert. denied, 256 Conn. 919, 774 A.2d 137 (2001).

The plaintiff also claims that it was improper for him not to receive compensation for his pain and suffering. We note that a successful personal injury plaintiff is not entitled to noneconomic damages as a matter of law merely because he is awarded economic damages. *Wichers* v. *Hatch,* 252 Conn. 174, 185–86, 745 A.2d 789 (2000) (en banc); *Lidman* v. *Nugent,* 59 Conn. App. 43, 755 A.2d 378 (2000). In his brief, however, the plaintiff does not set forth any facts or legal bases to support his claim for noneconomic damages; rather, he merely proclaims his status as a pro se and requests the court to do justice. We therefore are unaware whether the plaintiff is claiming that the award of damages by the jury is inadequate as a matter of law or that the court abused its discretion in denying the motion for additur that he filed subsequent to the verdict. "We repeatedly have stated that [w]e are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Internal

quotation marks omitted.) *State* v. *Colon*, 272 Conn. 106, 153 n.19, 864 A.2d 666 (2004), cert. denied, 546 U.S. 848, 126 S. Ct. 102, 163 L. Ed. 2d 116 (2005). Because the plaintiff has provided no analysis of his claim that it was improper for him not to receive compensation for his pain and suffering, we decline to afford it review.[2]

The judgment is affirmed.

---

[2] We also note that even if we chose to disregard the plaintiff's inadequate briefing of his second claim, the record he has provided this court would be inadequate for any meaningful review of his claim. As with his first claim, the plaintiff has provided this court with no transcript of the court proceedings, nor has he included in his brief any relevant portions of the court proceedings. The plaintiff consequently has ensured that this court lacks the necessary information to review his claim, including any evidence he may have presented of lost wages and pain and suffering.