FRANCIS T. ZAPPONE COMPANY *v.* PLYMOUTH COMMONS REALTY CORPORATION ET AL.

CAPITAL VENTURES, LLC, ET AL. *v.* PLYMOUTH COMMONS REALTY CORPORATION ET AL.
(AC 25774)

Bishop, McLachlan and Gruendel, Js.

Argued October 16, 2006—officially released January 16, 2007

*Leslie S. Hollo*, for the appellant (defendant Louis M. Ursini).

*Elizabeth A. Fowler*, with whom, on the brief, was *Mark S. Baldwin*, for the appellee (plaintiff in the first case, defendant in the second case).

*Opinion*

GRUENDEL, J. This appeal stems from a violation of the Connecticut Unfair Trade Practices Act (CUTPA),

General Statutes § 42-110a et seq., in a real estate transaction. The defendant Louis M. Ursini[1] appeals from the judgment of the trial court rendered in favor of the plaintiff, the Francis T. Zappone Company.[2] He claims that the court's finding that the plaintiff suffered an ascertainable loss is clearly erroneous. Because the defendant has failed to provide this court with an adequate record on which to review that claim, we affirm the judgment of the trial court.

It would serve no useful purpose to discuss the facts that give rise to this appeal in much detail. Suffice it to say that, following trial, the court concluded that the Plymouth Commons Realty Corporation and the Terryville Holdings Corporation[3] had breached their contract with the plaintiff regarding the marketing and attempted sale of certain commercial real estate in Plymouth and Terryville. The court further found a CUTPA violation. It stated: "The court has also heard substantial evidence . . . about the spitefulness and single-mindedness with which [the defendant] has carried on his crusade against [Francis T. Zappone, the president of the plaintiff] since the time of these actions, obviously resentful of the fact that [he] had earned and was entitled to recover a commission . . . . The court has discretion under CUTPA to award the plaintiff its

[1] This appeal arises from a consolidated proceeding before the trial court. In docket number CV-02-082061-S, the Francis T. Zappone Company brought an action against the defendants Louis M. Ursini, the Plymouth Commons Realty Corporation and the Terryville Holdings Corporation. In docket number CV-02-0816568-S, Capital Ventures, LLC, brought an action against the Plymouth Commons Realty Corporation and the Terryville Holdings Corporation. As only Ursini has appealed from the judgments of the court, we refer to him in this opinion as the defendant.

[2] Ursini was named as a defendant only in the first case. On his appeal form, he listed the docket numbers of both cases. Because he is not "[a]n aggrieved party"; Practice Book § 61-1; with respect to the second case, we dismiss his appeal from the judgment rendered in that case.

[3] At all relevant times, the defendant was the president of both the Plymouth Commons Realty Corporation and the Terryville Holdings Corporation.

attorneys fees and punitive damages where, especially, the defendant has acted in brazen disregard for another business person's rights. The court believes that that is the case here, for [the defendant] had in fact read and understood these contractual provisions, he had often worked with brokers and well understood their need for an exclusive opportunity to market properties listed with them, and his disloyal acts, directly undermining Mr. Zappone in his efforts to market the properties and earn a commission, were surely known by him to strike at the very heart of his legitimate expectations under the brokerage agreements.

"The·court thus concludes that in this particular respect, the plaintiff has proved a violation of CUTPA and demonstrated an entitlement to punitive damages and attorney's fees in addition to nominal damages. . . . The awarding of punitive damages is appropriate to deter this defendant personally from engaging in further repetitions of his harmful, dishonest conduct. The court therefore awards the plaintiff nominal damages of $1000 against [the Plymouth Commons Realty Corporation and the Terryville Holdings Corporation] and punitive damages of $40,000 against [the defendant] personally." This appeal followed.

On appeal, the defendant challenges the court's finding that the plaintiff suffered an ascertainable loss. Under Connecticut law, "[t]he ascertainable loss requirement is a [threshold] barrier which limits the class of persons who may bring a CUTPA action seeking either actual damages or equitable relief." *Hinchliffe* v. *American Motors Corp.*, 184 Conn. 607, 615, 440 A.2d 810 (1981). Whether a party has suffered an ascertainable loss is a "factual determination." *Service Road Corp.* v. *Quinn*, 241 Conn. 630, 635, 698 A.2d 258 (1997). This court is obligated to "affirm a court's factual determination concerning whether a party suffered an ascertainable loss unless such a determination is clearly

erroneous." *Calandro* v. *Allstate Ins. Co.*, 63 Conn. App. 602, 612, 778 A.2d 212 (2001). "A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . Because it is the trial court's function to weigh the evidence and determine credibility, we give great deference to its findings." (Internal quotation marks omitted.) *Poulos* v. *Pfizer, Inc.*, 244 Conn. 598, 616, 711 A.2d 688 (1998).

The trial in the present case lasted approximately ten days. The court heard testimony from multiple witnesses, including Zappone and the defendant. After the court rendered its decision, the defendant filed a motion for reargument that challenged, inter alia, the evidentiary basis of the court's finding that the plaintiff sustained an ascertainable loss. The court held a two day hearing on the matter and both parties filed multiple briefs thereon. In its July 28, 2004 memorandum of decision on the motion for reargument, the court stated: "At the initial hearing on the motion on April 7, 2004 . . . the court rejected the defendant's challenge to the evidentiary basis for its finding of a CUTPA violation. . . . The court stands by [that] ruling, which [is] hereby incorporated by reference into this memorandum of decision."[4] (Citation omitted.)

In challenging a factual determination of the court on appeal, the defendant inexplicably has failed to file a single transcript with this court. He likewise filed no exhibits. Although the July 28, 2004 memorandum of decision expressly incorporates by reference portions of the April 7, 2004 transcript, that transcript is not in the record before us. Our standard of review requires

[4] The defendant did not seek an articulation of that judgment. See Practice Book § 66-5.

a review of the evidence presented to the trial court. Without the transcripts of the trial proceedings and the exhibits therefrom, we are precluded from performing such review. See, e.g., *McGaffin* v. *Roberts*, 193 Conn. 393, 409, 479 A.2d 176 (1984) ("validity of any claim that the trial court's decision is not supported by the evidence may be tested only by reference to the record together with the transcripts and exhibits filed in the case"), cert. denied, 470 U.S. 1050, 105 S. Ct. 1747, 84 L. Ed. 2d 813 (1985); *Wasilewski* v. *Machuga*, 92 Conn. App. 341, 344 n.2, 885 A.2d 216 (2005) ("plaintiff has provided this court with no transcript of the court proceedings, nor has he included in his brief any relevant portions of the court proceedings [and] consequently has ensured that this court lacks the necessary information to review his claim"); *Calo-Turner* v. *Turner*, 83 Conn. App. 53, 56, 847 A.2d 1085 (2004) (declining to review defendant's claim because he "failed to provide this court with a complete transcript of the trial proceedings").

It is the responsibility of the appellant to provide this court with an adequate record for review. See Practice Book § 61-10. Without an adequate record, we are left to speculation and conjecture; *Gelormino* v. *Liberman*, 36 Conn. App. 153, 154, 649 A.2d 259, cert. denied, 231 Conn. 946, 653 A.2d 826 (1994); which "have no place in appellate review." *Narumanchi* v. *DeStefano*, 89 Conn. App. 807, 815, 875 A.2d 71 (2005). We therefore decline to review the defendant's claim.

Furthermore, even were we not constrained by the record provided in the present case, the defendant's claim is untenable. Like the complaint in *Larobina* v. *Home Depot, USA, Inc.*, 76 Conn. App. 586, 595, 821 A.2d 283 (2003), the plaintiff's complaint here alleged the same conduct as the basis for both its breach of contract and CUTPA claims. In rejecting the claim that the plaintiff had not demonstrated an ascertainable loss,

the *Larobina* court stated: "We fail to see how the court could have concluded logically that the defendant's conduct was such that it caused the plaintiff to suffer the loss of his contract, thereby entitling him to contract damages, yet the same conduct, while sufficient to establish a CUTPA violation, failed to constitute an 'ascertainable loss' for purposes of CUTPA." Id., 596. We express a similar puzzlement here. As this court has observed, "the loss of a contract is an ascertainable loss." *Johnson Electric Co.* v. *Salce Contracting Associates, Inc.*, 72 Conn. App. 342, 355, 805 A.2d 735, cert. denied, 262 Conn. 922, 812 A.2d 864 (2002); see also *Larobina* v. *Home Depot, USA, Inc.*, supra, 593.

The judgment in the first case is affirmed; the appeal from the second case is dismissed.

In this opinion the other judges concurred.