******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

NIKOLA NIKOLA *v.* 2938 FAIRFIELD, LLC, ET AL.
(AC 35076)

Beach, Alvord and Bear, Js.

*Submitted on briefs October 11, 2013—officially released January 21, 2014*

(Appeal from Superior Court, judicial district of Fairfield, Hon. Richard P. Gilardi, judge trial referee [judgment of foreclosure]; Hon. Howard T. Owens, Jr., judge trial referee [judgment of foreclosure by sale].)

*Daniel Shepro*, filed a brief for the appellants (named defendant et al.).

*Eugene D. Micci*, filed a brief for the appellee (plaintiff).

*Opinion*

BEACH, J. The defendants, 2938 Fairfield, LLC (Fairfield), and Naomi Drabkin,[1] appeal from the judgment of foreclosure by sale rendered by the trial court in favor of the plaintiff, Nikola Nikola. The defendants claim that the court erred in (1) concluding that the plaintiff was the holder of the note and mortgage from Fairfield, (2) finding that the mortgage exception to the usury statute applied, and (3) finding the debt to be in excess of $140,000. We affirm the judgment of the trial court.

The following facts, as found by the trial court and revealed by the record,[2] and procedural history are relevant to this appeal. Fairfield was a limited liability company that owned real property located at 2936–2938 Fairfield Avenue in Bridgeport (Bridgeport property). On July 1, 2000, Fairfield executed and delivered to Drabkin a note in the amount of $135,000 (note). To secure the note, Fairfield executed and delivered to Drabkin a mortgage on the Bridgeport property. At the time the present action was commenced, Fairfield had defaulted on its note, and Drabkin had accelerated the debt and had begun a foreclosure action against Fairfield.

In October, 2007, the plaintiff loaned $140,000 to Drabkin for one year at 13 percent interest per annum; that interest plus "points" were prepaid by Drabkin. As security for the loan, Drabkin assigned to the plaintiff "the first $140,000 plus costs of all rights, title and interest" in the July, 2000 *mortgage note* on the Bridgeport property.[3] After the due date, the plaintiff demanded payment of the principal of $140,000, plus 13 percent interest accruing after the first year from Drabkin, but Drabkin did not make any payment.

The plaintiff commenced the present action, seeking, inter alia, money damages as to the note and a judgment of foreclosure as to Fairfield. The plaintiff alleged that Drabkin may claim an interest in the property, but that any right Drabkin had in the property was subsequent to that of the plaintiff. The complaint also stated that the plaintiff, as holder of the assigned mortgage and note, accelerated the balance due on the note and declared the note due in full, plus interest and costs.

In May, 2012, the court, *Hon. Richard P. Gilardi*, judge trial referee, found that Drabkin was in default as to the assigned mortgage, and that the plaintiff, as holder of the assigned mortgage note, justifiably declared the note to be due. The court found that the plaintiff had standing to pursue the foreclosure action against Fairfield. The court further found that any interest Drabkin may have in the property was subordinate to the first $140,000, plus interest and costs, which is the portion of her interests in the note and mortgage that were assigned to the plaintiff. The court awarded

the plaintiff a judgment of foreclosure as to Fairfield and money damages as to Drabkin. The court assigned the matter to the mortgage foreclosure docket for establishing property values, costs, fees, expenses and schedules, plus orders necessary to enforce the plaintiff's right to damages from Drabkin for any deficit. In its articulation, the court reiterated that it had found that the plaintiff had lent Drabkin $140,000, plus interest and that Drabkin assigned all right, title and interest in the mortgage note and deed from Fairfield to the plaintiff.[4] It stated that this assignment to the plaintiff was valid.

In September, 2012, *Hon. Howard T. Owens, Jr.*, judge trial referee, rendered a judgment of foreclosure by sale with a debt of $206,794, plus costs and fees, with a sale date of November 17, 2012. This appeal followed.

I

The defendants first claim that the court erred in concluding that the plaintiff was the holder of the note and mortgage from Fairfield. We disagree.

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. . . . In reviewing factual findings, [w]e do not examine the record to determine whether the [court] could have reached a conclusion other than the one reached. . . . Instead, we make every reasonable presumption . . . in favor of the trial court's ruling." (Internal quotation marks omitted.) *Barber* v. *Skip Barber Racing School, LLC*, 106 Conn. App. 59, 66, 940 A.2d 878 (2008).

The joint stipulation of facts, signed by both parties, states that Drabkin assigned the first $140,000, plus costs, of her rights, title and interest in the mortgage note on the Bridgeport property. Attached to the stipulation was a copy of the "partial assignment of mortgage" that states that Drabkin assigned to the plaintiff "the first $140,000.00 plus costs, if any, of her rights, title and interest in a certain promissory note [on the Bridgeport property] . . . with a mortgage balance of $185,000.00 as of [October, 1, 2007] . . . ."[5] The finding of the court, *Hon. Richard P. Gilardi*, judge trial referee, that "as holder of the assigned mortgage note, the plaintiff justifiably accelerated the balance due," was not clearly erroneous.[6]

II

The defendants' next claim pertains to the court's finding regarding a defense of usury. The defendants filed a motion for articulation regarding their defense of usury, which the court granted. The court articulated that Fairfield did not prove its special defense claiming that the initial loan to Drabkin was usurious. The court stated that although the interest rate of 13 percent on

the mortgage note exceeded the legal limit of 12 percent set forth in General Statutes § 37-4, that section, pursuant to General Statutes § 37-9 (3), does not apply to mortgages on real property.[7] The court further noted that Fairfield was neither the borrower nor the lender of the note and, therefore, lacked standing to question whether it was usurious.

The defendants claim that the court's finding that the mortgage exception in § 37-9 (3) applied was erroneous. We need not address this claim. Fairfield's defense of usury pertains to the transaction between Drabkin and the plaintiff, in which the plaintiff loaned Drabkin $140,000, and Drabkin assigned the plaintiff her rights in the note that was secured by the Bridgeport property. Whether that transaction is usurious does not affect the plaintiff's ability to foreclose on his rights in the mortgage note as against Fairfield.

Similarly, the transaction between the plaintiff and Drabkin was secured by a mortgage on real property, and the amount involved exceeded $5000. The transaction was exempted by § 37-9 (3). See *Ferrigno v. Cromwell Development Associates*, 244 Conn. 189, 192, 708 A.2d 1371 (1998).

### III

The defendants' last claim is that the court, in its September, 2012 decision, erred in finding the debt to be in excess of $140,000 because Drabkin only assigned to the plaintiff the first $140,000 of the mortgage, plus costs.[8] We disagree.

"A finding of fact is clearly erroneous when there is no evidence in the record to support it . . . or when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Barber* v. *Skip Barber Racing School, LLC*, supra, 106 Conn. App. 66.

The plaintiff submitted an affidavit of debt, which stated the debt to be $206,794. The court accepted this figure and found the debt to be $206,794. The court, as the trier of fact, was free to accept this evidence. See *Lidman* v. *Nugent*, 59 Conn. App. 43, 46, 755 A.2d 378 (2000). The debt was owed by Drabkin, even if the assigned security interest may be insufficient to secure the full amount of the debt. The court's finding in this regard was not clearly erroneous.

The judgment is affirmed and the case is remanded for the purpose of setting a new sale date.

In this opinion the other judges concurred.

[1] The U.S. Small Business Administration was also named as a defendant but is not involved in this appeal. Therefore, the term "defendants" will refer to Fairfield and Drabkin only.

[2] The parties submitted to the trial court a stipulation of facts, with attached exhibits, on which the court based its findings.

[3] Schedule D, attached to the stipulation of facts, is entitled "Partial Assign-

ment of Mortgage." By virtue of the assignment, Drabkin assigned to the plaintiff the "first $140,000.00 plus costs, if any" in the Fairfield "mortgage note."

[4] Although the note provided that Drabkin would pay principal, interest and costs, the assignment of the security interest by Drabkin was of "the first $140,000.00 plus costs" in the mortgage note. Thus, the plaintiff was not secured for any interest that was unpaid.

[5] By virtue of the assignment, the plaintiff became the holder of the note and, as such, had standing to pursue the foreclosure action against Fairfield. See *RMS Residential Properties, LLC* v. *Miller*, 303 Conn. 224, 228–32, 32 A.3d 307 (2011) (holder of negotiable promissory note secured by mortgage is presumed owner of debt and unless presumption is rebutted has standing to bring foreclosure action against maker of note).

The assignment, as noted, was of the "mortgage note." The term "mortgage note" has been used to describe the note secured by the mortgage. See, e.g., *Bankers Trust Co. of California, N.A.* v. *Vaneck*, 95 Conn. App. 390, 393–94, 899 A.2d 41, cert. denied, 279 Conn. 908, 901 A.2d 1225 (2006); see also Black's Law Dictionary (9th Ed. 2009) p. 1162 (defining "mortgage note" as "[a] note evidencing a loan for which real property has been offered as security"). The court's apparent interpretation of the term to include the note is not, then, clearly erroneous.

[6] The defendants point out that the stipulation also states that both the plaintiff and Drabkin were holders of the note. This is not inconsistent with the court's finding that the plaintiff, as holder of the note, justifiably accelerated the balance due.

[7] Section 37-4 provides: "No person and no firm or corporation or agent thereof, other than a pawnbroker as provided in section 21-44, shall, as guarantor or otherwise, directly or indirectly, loan money to any person and, directly or indirectly, charge, demand, accept or make any agreement to receive therefor interest at a rate greater than twelve per cent per annum." Section 37-9 provides in relevant part: "The provisions of sections 37-4 . . . shall not affect . . . (3) any bona fide mortgage of real property for a sum in excess of five thousand dollars . . . ."

[8] The court found the debt to be $206,794, plus costs and fees.

————————————————