******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

Prescott, Elgo and DiPentima, Js.

*Syllabus*

The plaintiff, N, sought to foreclose a mortgage on certain real property
owned by the defendant F Co. F. Co. previously had executed and
delivered a note to the defendant D together with a mortgage deed on
the property. As security for a loan from N, D then assigned to N certain
rights in the mortgage note on the property. D defaulted on the loan,
and N commenced foreclosure. The trial court rendered a judgment of
foreclosure by sale, which was affirmed on appeal. J, the executor of
D's estate, was thereafter substituted as the defendant, and C, the execu-
tor of the plaintiff's estate, was substituted as the plaintiff. The substitute
plaintiff subsequently filed a motion for a deficiency judgment, and the
defendants objected, arguing that the doctrine of res judicata barred
the trial court from the litigating the amount of the deficiency, because
the Probate Court had already determined that amount in proceedings to
settle D's estate. The court granted the motion for a deficiency judgment,
determining the deficiency after the foreclosure sale to be an amount
higher than that determined by the Probate Court, and the defendants
F Co. and J appealed to this court. *Held*:

1. The defendants could not prevail on their claim that the trial court incor-
rectly concluded that it was not barred by the doctrine of res judicata
from determining the amount of the deficiency judgment, which was
based on their claim that certain findings from the Probate Court as to
the amount of the deficiency barred further litigation on the issue: the
Probate Court issued its decree while the foreclosure action was pending
in the Superior Court, which had competent jurisdiction, and, therefore,
the Probate Court lacked competent jurisdiction to determine the
amount of the deficiency judgment.

2. The trial court properly included certain tax liens paid by N to the mortgage
debt when calculating the amount of the deficiency: not permitting the
real estate tax liens on the property to be added to the calculation of
the debt, when N paid the real estate taxes that the defaulting mortgagor
failed to pay, would penalize the substitute plaintiff by reducing the
amount of the deficiency solely because the defaulting mortgagor permit-
ted the property to become encumbered by a real estate tax lien.

Submitted on briefs March 4—officially released July 27, 2021

*Procedural History*

Action seeking to foreclose a mortgage on certain
real property owned by the named defendant, and for
other relief, brought to the Superior Court in the judicial
district of Fairfield and tried to the court, *Hon. Howard
T. Owens*, judge trial referee; judgment of foreclosure
by sale, from which the named defendant et al. appealed
to this court, *Beach*, *Alvord* and *Bear*, *Js.*, which
affirmed the trial court's judgment; thereafter, the court,
*Hon. Richard Gilardi*, judge trial referee, granted the
plaintiff's motion to substitute Jeffrey Weiss, executor
of the estate of Naomi Drabkin, as a defendant; subse-
quently, Carol Nikola, executor of the estate of Nikola
Nikola, was substituted as the plaintiff; thereafter, the
court, *Spader, J.*, granted the substitute plaintiff's motion
for a deficiency judgment, and the named defendant et
al. appealed to this court. *Affirmed.*

*Daniel Shepro* submitted a brief for the appellants
(named defendant et al.).

*Eugene D. Micci* and *Laurie Bloom* submitted a brief for the appellee (substitute plaintiff).

*Opinion*

DiPENTIMA, J. In this foreclosure action, the defendant 2938 Fairfield, LLC (Fairfield), and the substitute defendant, Jeffrey Weiss, the executor of the estate of the original defendant, Naomi Drabkin,[1] appeal from the deficiency judgment of the trial court rendered in favor of the substitute plaintiff, Carol Nikola, the executor of the estate of the original plaintiff, Nikola Nikola. On appeal, the defendants claim that the trial court (1) incorrectly concluded that it was not barred by the doctrine of res judicata from determining the amount of the deficiency judgment, and (2) improperly included in the deficiency judgment certain tax liens paid by Nikola Nikola. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history are relevant. Fairfield, a limited liability company that owns real property located in Bridgeport (property), executed and delivered to Drabkin a note in the amount of $135,000, together with a mortgage deed on the property. In October, 2007, Nikola Nikola loaned Drabkin $140,000 for one year and, as security for the loan, Drabkin assigned to Nikola Nikola the first $140,000, plus costs, of all rights, title and interest in the mortgage note on the property. Drabkin defaulted on the loan.

In 2009, Nikola Nikola commenced the underlying foreclosure action against Fairfield and Drabkin, seeking, inter alia, money damages as to the note and a judgment of foreclosure against Fairfield. In its May 23, 2012 memorandum of decision, the trial court, *Hon. Richard P. Gilardi*, judge trial referee, found that Drabkin was in default of the full amount of the $140,000 loan plus interest. The court noted that, in addition, Drabkin had filed a foreclosure action against Fairfield. The court determined that any interest Drabkin may have in the property was subordinate to the first $140,000 plus costs, which was the portion of her interest that had been assigned to Nikola Nikola.

On September 17, 2012, the court, *Hon. Howard T. Owens, Jr.*, judge trial referee, in accordance with the May 23, 2012 findings of Judge Gilardi, rendered a judgment of foreclosure by sale, which was affirmed on appeal. See *Nikola* v. *2938 Fairfield, LLC*, 147 Conn. App. 681, 683, 83 A.3d 1170 (2014). Following the dismissal of Fairfield's bankruptcy petition, and in response to a motion filed by Nikola Nikola, the court, *Hon. Alfred Jennings*, judge trial referee, on January 25, 2016, opened the judgment of foreclosure by sale and set a new sale date. Nikola Nikola was the prevailing bidder at the sale. The court, *Hon. Richard P. Gilardi*, judge trial referee, approved the sale, committee report, and committee deed on June 22, 2016.

On August 21, 2019, the court, *Bruno, J.*, granted a motion to substitute for Nikola Nikola, who had died,

the executor of her estate, Carol Nikola. In September, 2019, the substitute plaintiff filed a motion for a deficiency judgment, seeking an award of the full amount of the unsatisfied debt. In a "notice of computation of deficiency after foreclosure by sale," the substitute plaintiff alleged that the net deficiency after the foreclosure by sale was $217,816.28. The defendants filed an objection to the motion for a deficiency judgment in which they argued that the doctrine of res judicata barred the trial court from litigating the issue of the amount of the deficiency because the Probate Court had determined the amount of the deficiency to be $55,000. The defendants attached as an exhibit to their objection the November 9, 2018 decree of the Probate Court, *Estate of Naomi Drabkin*, No. 14-0179. In that decree, the Probate Court found that the estate of Nikola Nikola was a judgment creditor of Drabkin's estate in the amount of $254,000, as a result of the judgment in the present foreclosure action, which was then pending in the Superior Court. The Probate Court reduced the amount owed to Nikola Nikola's estate by a payment of $19,000 in proceeds from the sale of Drabkin's primary residence and the $180,000 sale bid by Nikola Nikola at the foreclosure sale of the property. The Probate Court determined that, following these reductions, the balance due on the foreclosure judgment was $55,000.

On October 10, 2019, the court, *Spader, J.*, granted the substitute plaintiff's motion for a deficiency judgment. The court rejected the defendants' res judicata argument. The court noted that the substitute plaintiff had argued at the hearing on her motion for a deficiency judgment that the orders of the Probate Court were based on settlement discussions, rather than on a full adjudicative hearing. The court found that "the delay in filing this motion for three years was because the parties were litigating this issue before the Probate Court, and . . . the orders of the Probate Court [were] not a full adjudication of the deficiency issue." The court entered a deficiency for the substitute plaintiff in the amount of $191,222.50. This appeal followed. Additional facts will be set forth as necessary.

I

The defendants claim that the court improperly awarded a deficiency judgment in an amount that was different from the amount of the deficiency previously determined by the Probate Court. They contend that, according to the doctrine of res judicata, the finding of the Probate Court as to the amount of the deficiency barred further litigation on that matter by the Superior Court. We are not persuaded.

Our resolution of the issue before us concerns the applicability of the doctrine of res judicata, which presents a question of law over which our review is plenary. *Weiss* v. *Weiss*, 297 Conn. 446, 458, 998 A.2d 766 (2010).

"The doctrine of res judicata provides that [a] valid, final judgment rendered on the merits by a court of competent jurisdiction is an absolute bar to a subsequent action between the same parties . . . upon the same claim or demand." (Internal quotation marks omitted.) Id., 459.

In the present case, the pertinent component of the doctrine of res judicata is the requirement that the initial judgment be rendered by a court of *competent jurisdiction* in order for it to bar a subsequent action between the same parties upon the same claim or demand. Id.. The question before us, then, is whether the Probate Court is a court of competent jurisdiction as to this matter.

The Probate Court, unlike the Superior Court, "is a court of limited jurisdiction prescribed by statute, and it may exercise only such powers as are necessary to the performance of its duties. . . . As a court of limited jurisdiction, it may act only when the facts and circumstances exist upon which the legislature has conditioned its exercise of power. . . . Such a court is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the enabling legislation." (Internal quotation marks omitted.) *Geremia* v. *Geremia*, 159 Conn. App. 751, 766–67, 125 A.3d 549 (2015).

The underlying foreclosure action was commenced in the Superior Court in 2009, and was pending at the time of the Probate Court's November, 2018 decree. One limitation on the jurisdiction of the Probate Court is found in General Statutes § 45a-98a (a), which provides in relevant part that "[t]he Probate Court shall have jurisdiction . . . only if (1) the matter in dispute is not pending in another court of competent jurisdiction . . . ." The Superior Court had competent jurisdiction over the then pending matter. "[T]he Superior Court is a court of general jurisdiction. . . . Article fifth, § 1 of the Connecticut constitution proclaims that [t]he powers and jurisdiction of the courts shall be defined by law, and General Statutes § 51-164s provides that [t]he Superior Court shall be the sole court of original jurisdiction for all causes of action, except such actions over which the courts of probate have original jurisdiction, as provided by statute." (Citation omitted; internal quotation marks omitted.) *Raftopol* v. *Ramey*, 299 Conn. 681, 695, 12 A.3d 783 (2011). The exception, regarding actions over which courts of probate have original jurisdiction, does not apply because the Probate Court lacked original jurisdiction over the foreclosure action, which included the deficiency proceeding, and which was pending in the Superior Court. *See Federal Deposit Ins. Corp.* v. *Voll*, 38 Conn. App. 198, 207, 660 A.2d 358 (deficiency proceeding part of foreclosure action), cert. denied, 235 Conn. 903, 665 A.2d 901 (1995).

Accordingly, because the foreclosure action was

pending in the Superior Court, which had competent jurisdiction, the Probate Court lacked competent jurisdiction to determine the amount of the deficiency judgment. Therefore, the doctrine of res judicata does not bar litigation as to the amount of the deficiency in the Superior Court. See *Weiss* v. *Weiss*, supra, 297 Conn. 459 (res judicata requires that initial judgment be rendered by court of competent jurisdiction). For these reasons, we conclude that the court properly rejected the defendants' res judicata argument when it granted the substitute plaintiff's motion for a deficiency judgment.

## II

The defendants next claim that the court improperly included in its calculation of the debt $75,526.59 in tax liens paid by Nikola Nikola as the successful bidder in the foreclosure sale, thereby increasing the deficiency by the amount of the tax liens. We disagree.

The parties agree that our standard of review is plenary. "When . . . the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *National City Mortgage Co.* v. *Stoecker*, 92 Conn. App. 787, 792, 888 A.2d 95, cert. denied, 277 Conn. 925, 895 A.2d 799 (2006).

At the outset, we note the following legal principles regarding deficiency judgments. General Statutes § 49-1 provides in relevant part that "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure . . . ." General Statutes § 49-28, however, "provides the exception to § 49-1 for a deficiency judgment following a foreclosure by sale." *JP Morgan Chase Bank, N.A.* v. *Winthrop Properties, LLC*, 312 Conn. 662, 670 n.4, 94 A.3d 622 (2014). "When a deficiency judgment is sought, the plaintiff may recover the difference between the amount due on the underlying debt and the amount received upon foreclosure. . . . A deficiency judgment provides a means for a mortgagee to recover any balance due on the mortgage note that was not satisfied by the foreclosure judgment." (Citations omitted; internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Voll*, supra, 38 Conn. App. 207–208.

In her motion for a deficiency judgment, the substitute plaintiff argued that real estate taxes remained unsatisfied following the foreclosure by sale. In her "notice of computation of deficiency after foreclosure by sale," the substitute plaintiff included in her calculation of the debt "all tax liens and taxes due and owing at the time of the foreclosure sale, paid by [Nikola Nikola] . . . ." In the defendants' objection to the

motion for a deficiency judgment, they argued that the real estate taxes paid by Nikola Nikola after he won the bid should not be included in the amount of the deficiency, because "[i]n equity the total of the bid and taxes is the real purchase price." The court, in its order regarding the deficiency judgment, determined that "[a]t the time of the [foreclosure by] sale, [Fairfield] was in default for not paying the 2009–2014 grand list taxes. . . . [Fairfield] caused interest to accrue on those taxes by not paying them and the sale was subject to the successful bidder paying the taxes. There is no credibility to the defense that the bid would have been higher if [Nikola Nikola] told everyone [he] would pay the taxes prior to the sale, [he was] already facing a huge deficiency and it made no sense to front tens of thousands of dollars to benefit a third-party purchaser. The 2009–2014 tax liens are rightfully a part of the deficiency in this matter in the amount of $75,526.59." The court awarded a deficiency for the substitute plaintiff in the amount of $191,222.50.

The defendants argue on appeal that Nikola Nikola's bid at the foreclosure auction was subject to the real estate tax liens because the foreclosure fact sheet for the April 23, 2016 foreclosure proceeding provided that "[t]he property is being sold subject to . . . [a]ll taxes due to the city of Bridgeport not foreclosed by this action." They contend that if the real estate tax liens are permitted to be part of the deficiency judgment, then the substitute plaintiff will receive a windfall. They argue that there is an inequity in the proceeding because the plaintiff creditor may bid at the foreclosure sale knowing that the tax liens may be reimbursed by the defendants, whereas other bidders are constrained in their bidding because they are not entitled to add the real estate tax liens to the deficiency.

Our analysis is guided by the decision of our Supreme Court in *New England Savings Bank* v. *Lopez*, 227 Conn. 270, 630 A.2d 1010 (1993). In *Lopez*, our Supreme Court rejected the mortgagors' claim that "the trial court improperly calculated the deficiency judgment by failing to add to the amount of the successful bid at the sale the amount of the real estate tax lien on the property." Id., 285. It noted that in "a foreclosure by sale the deficiency is determined by subtracting the sale proceeds from the amount of the debt. . . . That does not mean the sale proceeds plus liens for unpaid taxes on the property." (Citations omitted.) Id. Our Supreme Court reasoned that "[t]he defendants' argument would give the mortgagor credit for that lien and would penalize the mortgagee by reducing the amount of the deficiency, solely because the defaulting mortgagor had permitted the property to become encumbered by a real estate tax lien, thus reducing the equity in the property purchased by the successful bidder. We see no basis in our law or policy to justify such a result." Id.

Therefore, according to *Lopez*, it is improper to add taxes to the sales proceeds figure before subtracting that amount from the debt when calculating the amount of the deficiency. See id. Although the question presented in the present case, namely, whether unpaid real estate taxes can be added to the debt, is somewhat different from the question posed in *Lopez*, which was whether it was improper not to add the real estate tax lien to the sale proceeds, the reasoning in *Lopez* nonetheless applies to the present case. Not permitting the real estate tax liens on the property to be added to the calculation of the debt, when Nikola Nikola paid the real estate taxes that the defaulting mortgagor had failed to pay, would penalize the substitute plaintiff by reducing the amount of the deficiency solely because the defaulting mortgagor permitted the property to become encumbered by a real estate tax lien.

The substitute plaintiff may be compensated through a deficiency judgment for paying the mortgagor's unpaid real estate taxes. "[T]axes . . . become part of the mortgage debt; see General Statutes § 49-2 (a) ([p]remiums of insurance, taxes and assessments paid by the mortgagee . . . are a part of the debt due the mortgagee or lienor); *Lewis* v. *Culbertson*, 124 Conn. 333, 336, 199 A. 642 (1938) ([mortgage debt includes] . . . [p]remiums of insurance, taxes and assessments paid by the mortgagee . . .); *Desiderio* v. *Iadonisi*, 115 Conn. 652, 654–55, 163 A. 254 (1932) ([the mortgagee] is entitled to have the security for the debt preserved against loss or diminution in value by reason of obligations owed by the mortgagor . . . for taxes and the like . . . and if [the mortgagee] discharges such obligations [itself], [it] may tack them to the mortgage debt) . . . ." (Footnote omitted; internal quotation marks omitted.) *JPMorgan Chase Bank, National Assn.* v. *Essaghof*, 336 Conn. 633, 646–47, 249 A.3d 327 (2020). Accordingly, we conclude that it was not improper for the court to add the amount of the unpaid real estate taxes to the mortgage debt when calculating the amount of the deficiency.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The complaint also named the U.S. Small Business Administration as a defendant. The U.S. Small Business Administration is not participating in this appeal. All references herein to the defendants are to Fairfield and the substitute defendant.